**UNITED STATES COURT OF APPEALS**

**TENCH CIRCUIT**

PAUL CHAYNE WILLIAMS,

Petitioner-Appellant,

v.

MARK A. BROADDUS; JOHN W.
SUTHERS, The Attorney General of
the State of Colorado,

Respondents-Appellees.

No. 08-1444
(D. Colorado)
(D.C. No. 1:08-CV-01065-ZLW)

## ORDER DENYING CERTIFICATE
## OF APPEALABILITY

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, Paul Chayne Williams seeks a certificate of

appealability ("COA") so he can appeal the district court's dismissal of the

habeas application he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing

of a § 2254 petition unless the petitioner first obtains a COA). In his application,

filed on May 21, 2008, Williams raised nine claims related to his 2001 Colorado

securities fraud conviction. Respondents argued, *inter alia*, that the § 2254

application was untimely because it was filed more than one year after Williams's

conviction became final. *See* 28 U.S.C. § 2244(d) (setting forth a one-year statute

of limitations for § 2254 applications). The district court dismissed Williams's § 2254 application as untimely, concluding it was not filed within the one-year limitations period and further concluding Williams was not entitled to equitable tolling.

To be entitled to a COA, Williams must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). In evaluating whether Williams has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El* at 338. Although Williams need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Williams's appellate brief and application for COA, the district court's amended order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Williams is not entitled to a COA. The district court's resolution of Williams's habeas application is not reasonably subject to debate and his claims are not adequate to deserve further proceedings. Accordingly, Williams has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Williams's request for a COA and **dismisses** this appeal. Williams's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-